IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>JULIA CECILIA SANTIAGO-SALGADO [8],<br>    Defendant. | CRIMINAL NO. 24-6 (ADC) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.   Procedural Background**

On January 16, 2024, defendant Julia Cecilia Santiago-Salgado was charged in a multi-count indictment. She agrees to plead guilty to Counts Sixteen and Seventeen. Counts Sixteen and Seventeen charge that from on or about April 2020, through approximately January 16, 2024, Ms. Santiago-Salgado and others known and unknown to the grand jury, aiding and abetting one another, knowingly devised, and intended to devise, a scheme and artifice to defraud the United States Small Business Administration, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by submitting and causing to be submitted false and fraudulent applications for COVID-19 relief funds issued under the authority of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

Specifically, Count Sixteen charges that, on or about August 6, 2020, Ms. Santiago-Salgado and other defendants aiding and abetting one another for the purpose of executing the scheme and artifice to defraud described above, and attempting to do so, transmitted, and caused to be transmitted, writings, signs, signals, pictures, and sounds by means of wire communications in interstate commerce to obtain a PPP loan in the amount of $16,500, all in violation of Title 18, United States Code, Section 1343 and 2.    Count Seventeen charges that, on or about February 16, 2021, Ms. Santiago-Salgado and other defendants aiding and abetting one another for the purpose of executing the scheme and artifice to defraud described above, and attempting to do so, transmitted, and caused to be transmitted, writings, signs, signals, pictures, and sounds by means

USA v. Julia Cecilia Santiago-Salgado [8]
Cr. 24-6 (ADC)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

of wire communications in interstate commerce to obtain a PPP loan in the amount of $23,100, all in violation of Title 18, United States Code, Section 1343 and 2.

Defendant appeared before me, assisted by the court interpreter, on February 14, 2025, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). She was advised of the purpose of the hearing and placed under oath with instructions that her answers must be truthful lest she would subject herself to possible charges of perjury or making a false statement.

**II.     Consent to Proceed Before a Magistrate Judge**

Defendant was advised of her right to hold all proceedings, including the change of plea hearing, before a district court judge. She received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. She was informed that if she elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge, advising how to proceed. The defendant then voluntarily consented to proceed before a magistrate judge.

**III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926

F.2d 1237, 1244 (1st Cir. 1991)).

### A. **Competence to Enter a Guilty Plea**

This magistrate judge questioned the defendant about her age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and her understanding of the purpose of the hearing, all in order to ascertain her capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with her counsel and was satisfied with the advice and representation she received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to her capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing her demeanor, a finding was made that Ms. Santiago-Salgado was competent to plead and fully aware of the purpose of the hearing.

### B. **Maximum Penalties**

Upon questioning, the defendant expressed her understanding of the maximum penalties prescribed by statute for the offense to which she was pleading guilty, namely: as to each of Counts Sixteen and Seventeen, a term of imprisonment of up to thirty years, a fine of up to $1,000,000.00, or both, and a term of supervised release of up to five years. However, for the purposes of the Plea Agreement, the parties agree that Ms. Santiago-Salgado will be held accountable under 18 U.S.C. Section 1343 for wire fraud that (a) does not affect a financial institution or (b) occur in relation to, or involve any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency, which carries a term of imprisonment of up to twenty years, a fine of up to $250,000.00, or both, and a term of supervised release of up to three years. A Special Monetary Assessment of $100.00 will also be imposed per each count, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a). The court explained the nature of supervised release and the consequences of revocation. The court may also impose a forfeiture order. The defendant indicated that she understood the maximum penalties and the potential consequences of the guilty plea.

### C. Plea Agreement

Ms. Santiago-Salgado was shown a document titled "Plea Agreement," which is part of the record, and identified her initials and her signatures. She confirmed that she had the opportunity to read and discuss the Plea Agreement with her attorney before she signed it, that her attorney explained the document, that it represented the entirety of her understanding with the government, that she understood its terms, and that no one had made any other or different promises or assurances to induce her to plead guilty. Ms. Santiago-Salgado also acknowledged and agreed to the content of a "Plea Agreement Supplement," which was made part of the record with the court's signature.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed her understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw her guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement, and were explained in open court. The defendant confirmed that these were the sentencing recommendations she agreed to with the government. The defendant was specifically informed that any sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of her sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by her attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances she or the government may have

the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive her right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences her according to its terms and conditions.

### D. Waiver of Constitutional Rights

The defendant was specifically advised that she has the right to persist in a plea of not guilty, and if she does so persist that she has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial she would be presumed innocent and the government would have to prove her guilt beyond a reasonable doubt; that she would have the right to assistance of counsel for her defense, and if she could not afford an attorney the court would appoint one to represent her throughout all stages of the proceedings; that at trial she would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless she voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on her behalf. She was further informed that if she decided not to testify or put on evidence at trial, her failure to do so could not be used against her, and that at trial the jury must return a unanimous verdict before she could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and she will be waiving or giving up the rights that the court explained. The defendant's attorney attested that she explained these rights to her client and believed that the defendant understood her explanations.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was further admonished that her guilty plea, if accepted, may deprive her of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that she understood these consequences of her guilty plea.

USA v. Julia Cecilia Santiago-Salgado [8]
Cr. 24-6 (ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

### E. Factual Basis for the Guilty Plea

Defendant was read in open court Counts Sixteen and Seventeen of the indictment and provided an explanation of the elements of the offenses. The meaning of terms used in the indictment was explained. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Counts Sixteen and Seventeen and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and agreed with the government's submission as to the evidence which could have been presented at trial.

### F. Voluntariness

The defendant indicated that she was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact she is guilty, and that no one had threatened her or offered her a thing of value in exchange for her plea. She acknowledged that no one had made any different or other promises in exchange for her guilty plea, other than the recommendations set forth in the Plea Agreement. Throughout the hearing the defendant was able to consult with her attorney.

### IV. Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts Sixteen and Seventeen of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Julia Cecilia Santiago-Salgado, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged

Page 7

**USA v. Julia Cecilia Santiago-Salgado [8]**
**Cr. 24-6 (ADC)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

guilty as to Counts Sixteen and Seventeen of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing will be set before District Judge Aida Delgado-Colon.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 14th day of February, 2025.

*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge